IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Cedric Davis, | ) | |
| | ) | C/A No. 5:11-2256-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden Anthony Padula, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Cedric Davis ("Petitioner"), a prisoner represented by counsel, filed this habeas petition pursuant to 28 § U.S.C. 2254 on August 30, 2011. On December 22, 2011, Respondent Warden Anthony Padula ("Respondent") filed a Motion for Summary Judgement. Petitioner filed a response opposing the motion. The Magistrate Judge filed a Report and Recommendation ("Report") on June 21, 2012, recommending that the court grant Respondent's Summary Judgment Motion and this habeas petition be dismissed with prejudice.[1] (Dkt. # 33).  Petitioner filed objections to the Report and Recommendation on July 9, 2012.  (Dkt. # 34).  For the reasons set forth below, the court overrules the Petitioner's objections, adopts the Magistrate Judge's Report, and grants the Respondent's Motion for Summary Judgment.

The Magistrate Judge makes only a recommendation to this court which has no presumptive weight. The responsibility to make a final determination remains with this court.  See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in

---

[1]The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## Applicable Law

Because he filed his petition in this court after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1) governs the review of his claims. Habeas relief is available only when a state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is contrary to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law.  This court may not grant habeas relief even if it concludes in its own independent review that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id*.

"When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003). The standard of review to be applied is highly deferential to the rulings of the state courts and state-court decisions are to be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).  A state court's factual determination is

presumed correct, unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010).

## Discussion

In his objections, Petitioner specifically states that he has no objections to the procedural background and history set forth in the Report. (Pet'r's Obj. at 1 n. 1). Accordingly, the court adopts and incorporates the Magistrate Judge's recitation of the facts and procedural background.

Petitioner then sets forth two specific objections to the Magistrate Judge' Report. First, Petitioner objects to the Magistrate Judge's finding that he validly waived his right to counsel through his conduct despite the lack of *Faretta* warnings.[2] Second, assuming arguendo that *Faretta* warnings are not required, Petitioner objects to the Magistrate Judge's finding that he had validly waived his right to counsel by his conduct.[3]

First, Petitioner objects to the Magistrate Judge's finding that he validly waived his right to counsel through his conduct despite the lack of *Faretta* warnings. In *Faretta*, the Supreme Court held that defendants wanting to proceed pro se must be made aware of the dangers and disadvantages of self-representation. 422 U.S. 803. Petitioner argues three circuits, the Third, Tenth and Ninth, and several state courts have held that *Faretta* warnings are required in waiver by conduct cases. (Pet'r's Obj. at 2). However, Petitioner has not cited any Supreme Court cases and also the court in its research has not found any Supreme Court cases holding that *Faretta* warnings are required in

---

[2] *Faretta v. California*, 422 U.S. 803 (1975).

[3] Additionally, Petitioner also objects to the Magistrate Judge's "failure to adopt the reasoning set forth in his Reply [Memorandum] with regard to each ground raised for relief." (Pet'r's Obj. at 1 n. 1). The court finds this objection to be non-specific.

3

waiver by conduct cases. *See Wilkerson v. Klem,* 412 F.3d 449, 453–454 (3d Cir. 2005) (holding a colloquy explaining the dangers of self-representation is not required by the Constitution or any Supreme Court precedent).[4] A decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008). Accordingly, this objection is without merit.

Second, Petitioner argues that, assuming arguendo no *Faretta* warnings are required, the PCR court's finding that he waived his right to counsel through his conduct was an unreasonable determination of facts. Defendants may relinquish the right to counsel by waiver, waiver by conduct, or forfeiture. *United States v. Goldberg*, 67 F.3d 1092,1099–1101 (3d Cir.1995). A valid waiver of the right to appointed counsel must be knowing, voluntary, and intelligent. *Iowa v. Tobar*, 541 U.S. 77, 81 (2004). The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

The court notes that, in contrast to waiving the right to counsel, a defendant can also forfeit the right to counsel "regardless of [his] knowledge thereof and irrespective of whether the defendant intended to relinquish the right." *Goldberg,* 67 F.3d at 1100. *See also United States v. McLeod*, 53 F.3d 322, 325 (11th Cir. 1995)(acknowledging

---

[4]The Fourth Circuit has declined to define a precise procedure or litany a trial court must undertake in determining whether waiver of counsel is appropriate. *See United States v. Singleton*, 107 F.3d 1091, 1097–98 (4th Cir. 1997). Rather, "the trial judge is merely required to determine the sufficiency of the waiver from the record as a whole rather than from a formalistic, deliberate, and searching inquiry." *United States v. Gallop*, 838 F.2d 105, 110 (4th Cir. 1988).

the distinction between waiver and forfeiture, the court concluded that "a defendant who is abusive toward his attorney may forfeit his right to counsel."). Finally, there is a hybrid situation, waiver by conduct, that combines elements of waiver and forfeiture. Once a defendant has been warned that he will lose his attorney if he engages in dilatory tactics, any misconduct thereafter may be treated as an implied request to proceed pro se and, thus, as a waiver of the right to counsel. *See, e.g., United States v. Bauer*, 956 F.2d 693 (7th Cir. 1992) (failure to hire counsel where defendant has financial ability to do so constitutes a waiver by conduct).

Here, the PCR court concluded that Petitioner had waived his right to counsel through his conduct. The PCR court noted that the trial court was concerned that Petitioner was attempting to delay or manipulate the proceedings. (App. 267). The PCR court also noted Petitioner had a combative attitude, failed to cooperate with his appointed attorneys, and was not entitled to have counsel of his choice appointed. *Id*. Petitioner contends that the PCR court erred in finding he had waived his right to counsel pursuant to *United States v. Gallop*, 838 F.2d 105 (4th Cir. 1998). Petitioner argues that neither of the state circuit court judges found he was engaging in dilatory tactics to avoid trial and that he had a valid reason for relieving his attorneys - to find someone who would competently represent him at trial.  While there may not be much direct support in the record for the PCR court's finding that Petitioner was attempting to delay the proceedings, there was certainly evidence in the record to support the PCR court's conclusion that Petitioner was combative, unwilling to cooperate with his appointed attorneys, and believed he was entitled to choose his appointed attorney which supports a finding a waiver of counsel by conduct.  Accordingly, the PCR court's determination that Petitioner waived his right to counsel by conduct was not based upon an unreasonable determination of fact.  Accordingly, Petitioner's objection is without

5

merit.

Upon a review of the record, the undersigned finds that the PCR court's conclusion that Petitioner's waiver of counsel was knowing and voluntary was not contrary to, or an unreasonable application of, federal law, as determined by the United States Supreme Court, or based on an unreasonable determination of the facts before the PCR court, and, therefore, Petitioner is not entitled to habeas corpus relief.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 33) and incorporates it herein. It is therefore **ORDERED** that Respondent's Summary Judgement Motion is **GRANTED** and this action is **DISMISSED** with prejudice. It is further ordered that a certificate of appealability is denied because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5]

**IT IS SO ORDERED.**

                                                     s/Timothy M. Cain
                                                     United States District Judge

Anderson, South Carolina
July 20, 2012

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001).